UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAURA M. PORTELA,  )
    Plaintiff  )
                            ) Civil Action No. 05-10844-MEL
vs.  )
                            )
WAL-MART STORES, INC.,  )
    Defendant  )
                            )

## ANSWER AND JURY DEMAND
## OF DEFENDANT WAL-MART STORES EAST, LP.

Defendant Wal-Mart Stores East, LP ("Defendant") hereby answers the allegations on behalf of and against Wal-Mart Stores, Inc. as set forth in the Complaint and Jury Claim filed by plaintiff Laura M. Portela ("Plaintiff"), without waiving any defenses and reserving all of its rights to assert any defenses by motion, as follows:

### JURISDICTION

1.    Paragraph 1 of the Plaintiff's Complaint states a legal conclusion to which a response is not required.

### VENUE

2.    Paragraph 2 of the Plaintiff's Complaint states a legal conclusion to which a response is not required.

## PARTIES AND FACTS

3. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. The Defendant denies the allegations contained in Paragraph 4 of the Plaintiff's Complaint and further answers that the correct corporate entity is Wal-Mart Stores East, LP. Wal-Mart Stores East, LP is a limited partnership organized under the laws of the State of Delaware with a principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716.

5. The Defendant, Wal-Mart Stores East, LP admits that it does operate retail establishments within the Commonwealth of Massachusetts including a store located at 700 Oak Street, Brockton, MA 02301 and denies the remaining allegation in Paragraph 5 of the Plaintiff's Complaint.

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

## COUNT I - NEGLIGENCE

7.   The Defendant hereby reasserts and incorporates by reference its responses to Paragraphs 1 through 6 of the Plaintiff's Complaint as if fully set forth herein.

8.   The Defendant, Wal-Mart Stores East, LP, admits that it owned, controlled and maintained a retail establishment located at 700 Oak Street, Brockton, MA 02301.

9.   The Defendant admits that it has certain legal duties to maintain its premises in a reasonably safe condition relative to foreseeable defects and hazards and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Plaintiff's Complaint.

10.   The Defendant denies the allegations contained in the remainder of Paragraph 10 of the Plaintiff's Complaint.

11.   The Defendant denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint alleging that any injury sustained by the Plaintiff was caused by any negligence of the Defendant and its employees, agents and servants.

12.   The Defendant denies the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Paragraph 15 of the Plaintiff's Complaint states a legal conclusion to which a response is not required. To the extent a response is required, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim against the Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

If the Defendant was negligent, which the Defendant denies, Plaintiff is barred in whole or in part from recovery herein because any damage the Plaintiff may have suffered was directly and proximately caused by the Plaintiff's own negligence.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff had any cause of action against the Defendant, which the Defendant denies, Plaintiff has waived the same by Plaintiff's own conduct.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damage or injury herein, said damage or injury resulted from a risk which Plaintiff voluntarily, knowingly and willingly assumed.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff was negligent. Such negligence equaled or exceeded any negligence of the Defendant. Therefore, Plaintiff may not recover.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting Plaintiff's claims by the Statute of Limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury or damage, such injury or damage was caused by the negligence or fault of

some other person or entity for whose conduct the Defendant is not legally liable.

### TENTH AFFIRMATIVE DEFENSE

Some or all of the damages alleged by the Plaintiff are not recoverable.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as she has failed to mitigate her damages.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) for insufficiency of process.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

### FOURTEENTH AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the subject matter of the Complaint and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### FIFTEENTH AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the person of the defendant and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Complaint should be dismissed for misnomer of a party.

**WHEREFORE**, Defendant Wal-Mart Stores East, LP, demands that the Complaint against it be dismissed with prejudice, that judgment be entered for said Defendant on the claims against said Defendant, and that costs and attorneys' fees be granted to Defendant Wal-Mart Stores East, LP.

**DEMAND FOR JURY TRIAL**

Defendant, Wal-Mart Stores East, LP, requests a trial by jury.

          WAL-MART STORES EAST, LP

          By its attorneys,

          CRAIG AND MACAULEY
            PROFESSIONAL CORPORATION

Dated: July 1, 2005

          /s/ Anna L. Johnson
          Richard E. Quinby BBO#545641
          Anna L. Johnson BBO#657123
          Craig and Macauley
            Professional Corporation
          Federal Reserve Plaza
          600 Atlantic Avenue
          Boston, MA  02210
          (617) 367-9500

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on July 1, 2005.

_Anna L. Johnson_
Anna L. Johnson