UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA M. PORTELA,<br>    Plaintiff<br><br>vs.<br><br>WAL-MART STORES EAST, LP<br>    Defendant | )<br>)<br>)<br>)<br>)   Civil Action No. 05-10844-MEL<br>)<br>)<br>)<br>) |

## DEFENDANT WAL-MART STORES EAST, LP'S
## MEMORANDUM IN SUPPORT OF WAL-MART'S MOTION TO CONDUCT PHYSICAL EXAMINATION OF PLAINTIFF LAURA PORTELA

Defendant, Wal-Mart Stores East LP ("Wal-Mart"), submits this Memorandum in Support of its Motion to Conduct Physical Examination of Plaintiff Laura Portela pursuant to Fed. R. Civ. P. 35.

### INTRODUCTION

In this case, Plaintiff brings an action against Wal-Mart alleging that a display of framed artwork fell on and injured her right hand while she was shopping at the Brockton, Massachusetts Wal-Mart Store on June 2, 2002. Plaintiff has been examined by a board certified orthopedic hand surgeon, however, Wal-Mart is requesting that the Court order and direct that Plaintiff Laura Portela ("Plaintiff") submit to a physical examination before James A. D. Otis, M.D., a board certified neurologist, psychiatrist and pain specialist. Dr. Otis, who has performed a preliminary review of Plaintiff's medical records, would conduct an independent medical examination (IME) of the Plaintiff including a physical examination of the Plaintiff on day one and conduct tests including an EMG, quantitative sensory testing (QST) and a possible skin biopsy/skin

punch the following day. An IME and tests of this nature will help Dr. Otis understand and determine the Plaintiff's alleged injuries, particularly with reference to her allegation that she suffers from Chronic Regional Pain Syndrome (CRPS) and Reflex Sympathetic Dystrophy (RSD).

ARGUMENT

**I.   Wal-Mart has good cause to conduct an additional Independent Medical Examination of the Plaintiff by a suitably licensed physician.**

Rule 35 allows the Court to order a party to submit to a physical or mental examination by a physician when the physical or mental condition of a party is "in controversy." Fed. R. Civ. P. 35. In this case, Plaintiff brings an action against Wal-Mart alleging that a display of framed artwork fell on and injured her right hand while she was shopping at the Brockton, Massachusetts Wal-Mart Store on June 2, 2002.

Plaintiff has been seen by several medical professionals as a result of her alleged injury in Boston, Miami and Puerto Rico. They have included an orthopedic doctor, a physiatrist, pain specialists, a neurologist, and multiple physical and occupational therapists.

Because the Plaintiff's injury involved her hand, Wal-Mart initially requested that the Plaintiff be examined by Edward A. Nalebuff, M.D., a well-respected board certified orthopedic hand surgeon in Boston. Dr. Nalebuff conducted a records review and examination of the Plaintiff pursuant to Wal-Mart's request on March 14, 2006. However, Plaintiff is also alleging that as a direct result of her accident at the Brockton Wal-Mart, she suffers from

2

Chronic Regional Pain Syndrome (CRPS) and Reflex Sympathetic Dystrophy (RSD) to her right wrist and hand including pain in her right wrist, right hand and right arm, numbness and loss of feeling, discoloration, temperature changes, and permanent impairment and loss of function of her right hand, as well as frustration, anxiety and depression.  See Plaintiff's Answers to Wal-Mart's Interrogatories, Answer No. 5, attached to the Affidavit of Anna L. Johnson ("Johnson Affidavit") submitted herewith as Exhibit 1.

Plaintiff has put her physical condition squarely at issue and "in controversy" in the instant suit.  Fed. R. Civ. P. 35.  In addition, Plaintiff claims not to be able to work and is apparently seeking $125,000 per year in a loss of earning capacity claim. Accordingly, in an effort explore the cause, extent and complexity of Plaintiff's alleged injuries, in addition to the IME already conducted by Dr. Nalebuff, Wal-Mart arranged for Plaintiff's medical records to be examined by Dr. Otis.  Dr. Otis will need to perform a physical examination of the Plaintiff in addition to a review of the Plaintiff's medical records.  He is board certified in neurology, psychiatry and pain medicine and he maintains a medical practice at the Boston Medical Center in Boston, Massachusetts.  A copy of Dr. Otis' curriculum vitae is attached to the Johnson Affidavit as Exhibit 2.

On May 9, 2007, counsel for Wal-Mart sent a letter to Plaintiff's counsel enclosing Dr. Otis' curriculum vitae, requesting cooperation in scheduling an IME of the Plaintiff with Dr. Otis.  See Letter from counsel for Wal-Mart to Plaintiff's counsel dated May 9,

3

2007, attached to the Johnson Affidavit as <u>Exhibit 3</u>. Counsel for Wal-Mart also indicated that because Plaintiff currently resides in Puerto Rico, Wal-Mart was willing to pay for the Plaintiff's return flight to Massachusetts, even though there is no rule requiring the party requesting an examination to do so. Wal-Mart's counsel did not hear back from Plaintiff's counsel. On May 30, 2007, counsel for Wal-Mart sent another letter requesting a response to coordinate the IME of the Plaintiff. <u>See</u> Letter from counsel for Wal-Mart to Plaintiff's counsel dated May 9, 2007, attached to the Johnson Affidavit as <u>Exhibit 4</u>. Plaintiff's counsel still did not respond. On June 5, 2007, counsel for Wal-Mart phoned Plaintiff's counsel to inquire of the status of scheduling the IME with Dr. Otis. Plaintiff's counsel informed counsel for Wal-Mart that because the Plaintiff was already seen by Dr. Nalebuff, she would not agree that the Plaintiff had to voluntarily submit to another IME with Dr. Otis, as requested by Wal-Mart. As such, Wal-Mart is forced to file the instant Motion pursuant to Fed. R. Civ. P. 35 and request an order from this Court directing the Plaintiff to appear for an IME with Dr. Otis in Boston.

    **II. A second Independent Medical Examination should be allowed in certain circumstances.**

Wal-Mart is not requesting that the Plaintiff submit to an additional IME by Dr. Nalebuff, a doctor that she has already seen; nor is Wal-Mart requesting that the Plaintiff submit to an exam that would be similar to the exam already conducted by Dr. Nalebuff. Instead, Wal-Mart is requesting that the Plaintiff be examined by Dr. Otis, a board certified neurologist and pain specialist. Dr. Otis

4

has indicated that in addition to a physical exam, he will also run an EMG, quantitative sensory testing (QST) and a possible skin punch/biopsy, which he has indicated will be necessary to determine the extent of the Plaintiff's injuries as they related to the allegation that she suffers from CRPS/RSD.  The examination by Dr. Otis will be much different from the examination already conducted by Dr. Nalebuff, an orthopedic hand surgeon.  Wal-Mart should not be restricted to a single independent medical examination in this matter, especially given the circumstances where the Plaintiff has claimed an inability to work and $125,000 per year in economic loss, has asserted complicated and multiple medical claims, and has treated with multiple specialists, including an orthopedist, a neurologist and a pain specialist in connection with the alleged injuries to her right hand.  Wal-Mart should not be precluded from obtaining an independent examination and assessment of the Plaintiff's alleged medical conditions from the same type of specialist the Plaintiff herself has seen.

While this specific issue has not been addressed in the First Circuit, the District of Massachusetts or Massachusetts state courts, other jurisdictions have allowed additional examinations in such circumstances.  See McKitis v. DeFazio, 187 F.R.D. 225 (D. Md. 1999) (A court is not restricted to ordering only a single examination in circumstances where a plaintiff asserts claims for multiple injuries which fall within the scope of several medical specialties).  See also Ishler v. Cook, 299 F.2d 507 (7th Cir. 1962) (citing Marshall v. Peters, 31 F.R.D. 238 (S.D. Ohio 1962) (The Court may order more than

one physical examination of a plaintiff in an action based on personal injury to obtain the full truth concerning the matter in controversy). See also Little v. Howey, 32 F.R.D 322 (W.D. Mo. 1963)(The examination should be conducted in accordance with current medical practice in the diagnosis of similar cases not involving litigation and should cover all claims of injury being made by plaintiff, noting that more than one person may participate). The Plaintiff in our case first sought treatment with an orthopedic doctor and later sought treatment with pain specialists and a neurologist. It is appropriate and fair for Wal-Mart to have the same opportunity to have both an orthopedist and a neurologist also review the Plaintiff's records and conduct an independent medical examination.

CONCLUSION

In short, Wal-Mart has demonstrated good cause for an additional physical examination of the Plaintiff by a suitably licensed physician. Wal-Mart will be greatly and unfairly prejudiced if Dr. Otis is not permitted to conduct the examination of the Plaintiff, whereas the Plaintiff will not be prejudiced at all if and when the Court allows this motion. The Plaintiff has chosen the forum in which she has decided to litigate this lawsuit - Massachusetts. As such, the Plaintiff should be required to submit to an examination by a doctor in the forum in which the case will be tried. Wal-Mart has offered to pay for her return flight to Massachusetts for this exam. Additionally, there is no time issue at stake. The parties are

scheduled for their second scheduling/status conference and a trial date has not yet been selected.

WHEREFORE, Defendant Wal-Mart Stores East, LP respectfully requests that this Court order the Plaintiff Laura Portela to submit to a physical examination before James A.D. Otis, M.D. at his offices, which are located at the Boston Medical Center, 720 Harrison Avenue, Boston, MA 02118 within 4-6 weeks.

Dated: June 25, 2007

Respectfully submitted,

WAL-MART STORES EAST, LP

By its attorneys,

CRAIG AND MACAULEY
 PROFESSIONAL CORPORATION

*/s/ Anna L. Johnson*

Richard E. Quinby  BBO#545641
Anna L. Johnson  BBO#657123
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts  02210
(617) 367-9500

RULE 7.1(A)(2) CERTIFICATION

I hereby certify that I conferred with Plaintiff's counsel, Charlotte Glinka on June 5, 2007 and June 25, 2007 and attempted in good faith to resolve this issue.

*/s/ Anna L. Johnson*
Anna L. Johnson

7

REQUEST FOR ORAL ARGUMENT

I hereby request a hearing on this Motion.

*Anna L. Johnson*
Anna L. Johnson

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on June 25, 2007.

*Anna L. Johnson*
Anna L. Johnson