UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAURA M. PORTELA, )
    Plaintiff )
     )
     )
vs. )
     )  Civil Action No. 05-10844-MEL
WAL-MART STORES EAST, LP )
    Defendant )
     )

## AFFIDAVIT OF ANNA L. JOHNSON

I, Anna L. Johnson, state under the penalties of perjury:

1.    I am an attorney in good standing licensed to practice law in the Commonwealth of Massachusetts.

2.    I am an associate at the Law Firm of Craig and Macauley, PC, representing the Defendant, Wal-Mart Stores East, LP ("Wal-Mart") in the above captioned matter.

3.    I attach hereto as Exhibit 1 in support of Wal-Mart's Motion to Conduct Physical Examination of Plaintiff Laura Portela, a true copy of the Plaintiff Laura M. Portela's Answers to Defendant Wal-Mart Stores East, LP's Interrogatories.

4.    I attach hereto as Exhibit 2 in support of Wal-Mart's Motion to Conduct Physical Examination of Plaintiff Laura Portela, a true copy of the curriculum vitae of James A.D. Otis, M.D.

5.    I attach hereto as Exhibit 3 in support of Wal-Mart's Motion to Conduct Physical Examination of Plaintiff Laura Portela, a true copy of a letter from Anna L. Johnson to Charlotte Glinka dated May 9, 2007.

6.    I attach hereto as Exhibit 4 in support of Wal-Mart's Motion to Conduct Physical Examination of Plaintiff Laura Portela, a true copy of a letter from Anna L. Johnson to Charlotte Glinka dated May 30, 2007.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 25TH DAY OF JUNE, 2007.

Anna L. Johnson

2

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on June 25, 2007.

Anna L. Johnson

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAURA M. PORTELA, | ) | |
|     Plaintiff | ) | |
| | ) | C.A. NO. 05-10844 MEL |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
|     Defendant | ) | |

### PLAINTIFF LAURA M. PORTELA'S ANSWERS TO DEFENDANT WAL-MART STORES EAST, LP'S INTERROGATORIES

INTERROGATORY NO. 1

Please identify yourself fully, giving your full name, date of birth, social security number, residential address, business address, occupation, and, if married, the name of your spouse.

ANSWER NO. 1

Laura M. Portela; 7/16/69; 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; Villa Haydee, Aguadilla, Puerto Rico; not presently employed.

INTERROGATORY NO. 2

Please describe the incident which you allege in your Complaint took place on or about June 2, 2002, (hereinafter referred to as "said incident") as completely and accurately as possible, including in your answer the date, exact location and time of said incident.

ANSWER NO. 2

OBJECTION. The plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and/or otherwise exceeds the scope of permissible discovery pursuant to Mass. R. Civ. P. 26. Without waiving this objection, the plaintiff states: Briefly, I was shopping at the Wal-Mart store in Brockton on June 2, 2002. I was looking through some framed pictures that were in a box on a shelf. Due to the defendant's negligence in improperly positioning the box on the shelf, the weight of the frames caused the box to tip forward off the shelf and onto my right wrist and arm.

INTERROGATORY NO. 3

Please identify the names and addresses of all known witnesses (both percipient witnesses and any witnesses to any of the facts alleged in Plaintiff's complaint) and their relationship with you.

## ANSWER NO. 3

OBJECTION. The plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and/or otherwise exceeds the scope of permissible discovery pursuant to Mass. R. Civ. P. 26. Without waiving this objection, the plaintiff states: To the best of my knowledge at this time: Kevin Carr, last known address: 96 Old Colony Avenue, E. Taunton, MA, ex-husband; Marc Flattes, Wal-Mart employee; my medical providers, whose names appear in my medical records; my previous employers, whose names appear in my employment records; my family members.

## INTERROGATORY NO. 4

Please set forth in full and complete detail the substance of all oral communications between you and anyone else at the scene of said incident.

## ANSWER NO. 4

OBJECTION. The plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and/or otherwise exceeds the scope of permissible discovery pursuant to Mass. R. Civ. P. 26. Without waiving this objection, the plaintiff states: Briefly, I described what happened to one of Wal-Mart's employees, Marc Flattes, and explained that my wrist was injured.

## INTERROGATORY NO. 5

Please identify fully and in complete detail all injuries, ailments or pains which you claim to have suffered as a result of said incident, stating the parts of the body so affected, the severity of said injuries, ailments or pains and how long each lasted.

## ANSWER NO. 5

OBJECTION. The plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and/or otherwise exceeds the scope of permissible discovery pursuant to Mass. R. Civ. P. 26. Without waiving this objection, the plaintiff states: Briefly, and based on presently available information: Chronic regional pain syndrome, right wrist pain, right arm pain, numbness/loss of feeling, discoloration, temperature changes, permanent impairment and loss of function, loss of professional career, frustration, anxiety and depression due to these injuries and their effects on my life.

Please also refer to the plaintiff's medical records, copies of which have been produced and/or are already in the defendant's possession pursuant to Keeper of Records subpoenas.

## INTERROGATORY NO. 6

If as a result of the injuries, ailments or pains referred to in Interrogatory No.5 you received medical or any other treatment, please state:

    (a)    the name and address of any and all persons or institutions from which you received said medical or other treatments;

    (b)    the dates you received said medical or other treatment; and

    (c)    an itemized account of all expenses incurred from each medical provider.

## ANSWER NO. 6 (a-c)

OBJECTION.  The plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and/or otherwise exceeds the scope of permissible discovery pursuant to Mass. R. Civ. P. 26.  Without waiving this objection, the plaintiff states: Based on presently available information: Caritas Good Samaritan Medical Center, Brockton, MA, $798.41; A. Philip Connelly, Jr., M.D., Stoughton, MA, $222.00; Aubrey Lieberman, M.D., Brockton, MA, $1,685.00; Edward Sun, M.D., Sullivan Orthopedic Associates, Stoughton, MA, $185.00; Shields MRI, Brockton, MA, $1,650.00; John Guttell, M.D., Brockton, MA, $227.00; New England Sinai Hospital, Stoughton, MA, $2,865.00; Arnold Pain Management Center, Boston, MA, $930.00; Beth Israel Deaconess Medical Center, Boston, MA, $1,354.92; Brigham & Women's Hospital, Boston, MA, $118.00; Onassis A. Caneris, M.D., New England Neurological Associates, No. Andover, MA, $265.00; Hooshang Hooshmand, M.D., Neurological Associates, Vero Beach, FL, $17,375.00; Marisol Rivera Misla, M.D., Caribbean Pain Clinic, Mayaguez, Puerto Rico, $TBD; Manuel Martinez, M.D., Aguadilla, Puerto Rico, $TBD; Gloria Acevedo, M.D., Aguadilla, Puerto Rico, $TBD.

Please also refer to the plaintiff's medical records and bills, copies of which have been produced and/or are already in the defendant's possession pursuant to Keeper of Records subpoenas.

## INTERROGATORY NO. 7

Please describe any future medical treatment, if any, that any physician or other medical provider has recommended for you, including in your description the type of procedures to be performed and the estimated costs.

## ANSWER NO. 7

OBJECTION.  The plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks the disclosure of expert medical opinions, and/or otherwise exceeds the scope of permissible discovery pursuant to Mass. R. Civ. P. 26.  Without waiving this

objection, please refer to the plaintiff's medical records, copies of which have been produced and/or are already in the defendant's possession pursuant to Keeper of Records subpoenas.

### INTERROGATORY NO. 8

Please describe fully and in complete detail any illnesses, injuries, diseases, or operations (all hereinafter referred to as "injuries") which you may have had or suffered from:

> (a)   within five years prior to the time of said incident, setting forth the date of each injury; and/or
>
> (b)   at any time after the aforesaid incident, not caused by or arising from the same, setting forth the date of each injury.

### ANSWER NO. 8 (a-b)

OBJECTION. The plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks the disclosure of expert medical opinions, and/or otherwise exceeds the scope of permissible discovery pursuant to Mass. R. Civ. P. 26.

### INTERROGATORY NO. 9

Please set forth the names and addresses of all medical providers who provided care or treatment for the aforementioned injuries described in your answers to Interrogatory No.8, including but not limited to physicians, hospitals, physical therapists and chiropractors.

### ANSWER NO. 9

OBJECTION. The plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and/or otherwise exceeds the scope of permissible discovery pursuant to Mass. R. Civ. P. 26. Without waiving this objection, the plaintiff states: Carney Hospital, Milton, MA; JBL Rehab, Taunton, MA.

Please also refer to the plaintiff's medical records, copies of which have been produced and/or are already in the defendant's possession pursuant to Keeper of Records subpoenas.

### INTERROGATORY NO. 10

If as a result of said incident you lost any time from any occupation, employment or schooling which you may have then had, please state as accurately as possible:

(a)     your occupation or place of schooling at the time of said incident;

(b)     the full name and address of your employer or school;

(c)     the dates on which or between which you were absent from work or school, if at all, allegedly as a result of said incident;

(d)     the dates on which or between which you were incapacitated;

(e)     the average weekly income received by you from work for the calendar year immediately prior to the occurrence of said incident; and

(f)     the cost of all schooling which you were not able to attend as a result of said incident.

## ANSWER NO. 10 (a-f)

OBJECTION. The plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and/or otherwise exceeds the scope of permissible discovery pursuant to Mass. R. Civ. P. 26. Without waiving this objection, the plaintiff states: I was working as a dentist with the Dimock Community Health Center in Roxbury, MA. I was earning approximately $2,400.00 per week. I have been disabled from work since June 2, 2002, due to the injuries I suffered as a result of the defendant's negligence.

Please also refer to the plaintiff's employment and tax records, copies of which have been produced and/or are already in the defendant's possession pursuant to Keeper of Records subpoenas.

## INTERROGATORY NO. 11

Please state the times during which you maintained an active dental license, either in the Commonwealth of Massachusetts or elsewhere. (If elsewhere please state where it was active and under whose auspices you practiced.)

## ANSWER NO. 11

I have maintained a dental license in Massachusetts since 1998.

## INTERROGATORY NO. 12

Please state the full name and address of each person whom you expect to call as an expert witness at trial stating:

(a)     the subject matter on which the expert is expected to testify;

(b)     the substance of the facts and opinions to which the expert is expected to testify; and

(c)     a summary on the grounds for each opinion.

ANSWER NO. 12 (a-c)

I am informed that no decision has yet been made concerning experts to be called at the time of trial.

INTERROGATORY NO. 13

Please state whether you are now receiving or have ever received any disability pension, income or insurance or any Workers' Compensation benefits from any agency, company, person, corporation, state or government. If so, please state:

(a)     the nature of any such payment;

(b)     the dates you received such income;

(c)     the injuries or disability you received; and

(d)     how such injury occurred or disability arose.

ANSWER NO. 13 (a-d)

OBJECTION. The plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and/or otherwise exceeds the scope of permissible discovery pursuant to Mass. R. Civ. P. 26. Without waiving this objection, the plaintiff states: I have been receiving long-term disability payments of approximately $4,000.00 per month since January, 2003, due to the injuries I suffered as a result of the defendant's negligence in June, 2002.

INTERROGATORY NO. 14

Please describe all claims made or legal actions commenced by you against any person and/or business entity as a result of personal injury and/or property damage, including, but not limited to, the following:

(a)     The court in which a Complaint was filed;

(b)     The Civil Action Number assigned by the Court;

(c)     The names of the parties appearing on the Complaint;

- 6 -

       (d)      The name(s) of the attorney(s) who represented you and the name(s) of the attorney(s) who represented the defendant(s); and

       (e)      Any insurance companies providing liability coverage to the defendant(s).

### ANSWER NO. 14 (a-e)

OBJECTION. The plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and/or otherwise exceeds the scope of permissible discovery pursuant to Mass. R. Civ. P. 26.

### INTERROGATORY NO. 15

If you have been convicted of a felony in the last ten (10) years or a misdemeanor in the last five (5) years in any court in the Commonwealth of Massachusetts or in any court in any other state, please state the following:

       (a)      The court and docket number of the case in which you were a defendant and pursuant to which a conviction was entered;

       (b)      The date when the conviction was entered;

       (c)      The specific charge 1 including reference to any criminal statute under which you were charged;

       (d)      The sentence imposed by the court; and

       (e)      The date you were discharged from custody or probation or the date you are scheduled to complete probation.

### ANSWER NO. 15 (a-e)

Not applicable.

- 7 -

SIGNED UNDER THE PENALTIES OF PERJURY THIS ___17___ DAY OF
JANUARY, 2006.

_____
LAURA M. PORTELA

As to Objections:

KECHES & MALLEN, P.C.

_____
CHARLOTTE E. GLINKA
BBO # 559117
122 Dean Street
Taunton, MA 02780
(508) 822-2000

Pl-AnsInts

## CERTIFICATE OF SERVICE

I, Charlotte E. Glinka, of the law firm of Keches & Mallen, P.C., counsel for the plaintiff, hereby certify that on this 19th day of January, 2006, I served: **Plaintiff Laura M. Portela's Answers to Defendant Wal-Mart Stores East, L.P.'s Interrogatories**, by forwarding copies of same by facsimile and by first-class mail, postage prepaid, to:

Anna L. Johnson, Esquire
CRAIG AND MACAULEY, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

CHARLOTTE E. GLINKA

CertSvc6

**EXHIBIT 2**

# JAMES A. D. OTIS, M. D.

*BOSTON MEDICAL CENTER • DOCTORS' OFFICE BUILDING , SUITE 707 • 720 HARRISON AVE.,*
*BOSTON, MA 02118*
*TELEPHONE: 617 - 638 – 5350/8456 /7884 • FAX: 617 - 638 - 5354*

## EDUCATION

HARVARD COLLEGE
A.B. IN HISTORY, 1981

HARVARD UNIVERSITY
A.M. IN HISTORY, 1981

NEW YORK MEDICAL COLLEGE
M.D., 1985

## POSTGRADUATE TRAINING

LENOX HILL HOSPITAL, NY, NY
DEPARTMENT OF MEDICINE
*INTERN 7/1/85 - 6/30/86.*

BOSTON UNIVERSITY MEDICAL CENTER & AFFILIATED HOSPITALS
DEPARTMENT OF NEUROLOGY RESIDENCY PROGRAM
*JUNIOR RESIDENT 7/1/86 - 6/30/87*
*SENIOR RESIDENT 7/1/87 - 6/30/88*
*CHIEF RESIDENT 7/1/88 - 6/30/89*

BOSTON UNIVERSITY MEDICAL CENTER & AFFILIATED HOSPITALS
DEPARTMENT OF NEUROLOGY
*FELLOW IN EPILEPSY AND ELECTROENCEPHALOGRAPHY 7/1/89 - 6/30/90*

MEMORIAL SLOAN - KETTERING CANCER CENTER \ NEW YORK HOSPITAL
DEPARTMENT OF NEUROLOGY
*HEMENWAY FELLOW IN PAIN \ NEURO-ONCOLOGY 7/1/90 - 6/30/91*

## ACADEMIC APPOINTMENTS

ASSOCIATE PROFESSOR OF NEUROLOGY, BOSTON UNIVERSITY SCHOOL OF MEDICINE

DIRECTOR, RESIDENCY TRAINING PROGRAM, DEPARTMENT OF NEUROLOGY,  BOSTON UNIVERSITY SCHOOL OF MEDICINE

## STAFF APPOINTMENTS AND PROFESSIONAL ACTIVITIES

STAFF,  BOSTON MEDICAL CENTER
- ♦ DIRECTOR, PAIN MANAGEMENT GROUP
- ♦ CLINICAL SERVICE DIRECTOR, NEUROLOGY CONSULTATION SERVICE

CONSULTANT,  DEPARTMENT OF VETERANS' AFFAIRS  MEDICAL CENTER, BOSTON

CONSULTANT, SOUTH SHORE HOSPITAL, WEYMOUTH, MASS.

CONSULTANT, FEDERAL DRUG ENFORCEMENT ADMINISTRATION

## BOARD CERTIFICATIONS

AMERICAN BOARD OF PSYCHIATRY AND NEUROLOGY:

*BOARD CERTIFIED IN NEUROLOGY, 1990*
*BOARD CERTIFIED WITH SPECIAL QUALIFICATION IN CLINICAL NEUROPHYSIOLOGY, 1992*
*BOARD CERTIFIED WITH SPECIAL QUALIFICATION IN PAIN MEDICINE, 2000*

AMERICAN BOARD OF PAIN MEDICINE

*BOARD CERTIFIED IN PAIN MEDICINE 1995*

## SOCIETY MEMBERSHIPS

AMERICAN ACADEMY OF NEUROLOGY

INTERNATIONAL ASSOCIATION FOR THE STUDY OF PAIN

AMERICAN ACADEMY OF CLINICAL NEUROPHYSIOLOGY

AMERICAN PAIN SOCIETY

BOSTON SOCIETY OF PSYCHIATRY AND NEUROLOGY

MASSACHUSETTS MEDICAL SOCIETY

AMERICAN EPILEPSY SOCIETY

AMERICAN ACADEMY OF PAIN MEDICINE

## ACADEMIC COMMITTEES AND OTHER ACTIVITIES

GRADUATE MEDICAL EDUCATION COMMITTEE, BUMC

STUDENT ADVISOR, BUSM

CANCER CARE COMMITTEE, BMC

BRAIN AND SPINAL CORD TUMOR GROUP, BMC

STEERING COMMITEE, MASSACHUSETTS CANCER PAIN INITIATIVE

FOUNDING MEMBER, AMERICAN ACADEMY OF NEUROLOGY SECTION OF PAIN MEDICINE

PAST SECRETARY, AMERICAN ACADEMY OF NEUROLOGY SECTION ON PAIN MEDICINE

CONSULTANT, FEDERAL DRUG ENFORCEMENT ADMINISTRATION

## SPEECHES AND PRESENTATIONS

| | | |
|---|---|---|
| Grand Rounds<br>9/14/96 | Eastern Maine Medical Center | Cancer Pain Management |
| First Annual Course on HIV Pain BUSM,<br>9/21/96 | Boston MA | Pharmacologic Management |
| American Society of Law and Medicine<br>11/11/96 | Boston, MA | The Ethics of Pain Therapy |
| Grand Rounds, Dept. of Medicine<br>2/4/97 | Boston VAMC | Pain Management |
| Pain Management in the Elderly<br>Pharmaceutica Foundation<br>3/15/97 | Santa Monica, CA | Key enote Speaker |
| Grand Rounds, Dept. of Medicine<br>Bayley Seton Hospital<br>6/4/97 | NY, NY | Cancer Pain Management |
| Grand Rounds, Dept. of Medicine<br>Lyons VAMC<br>6/4/97 | Lyons, NJ | Pain Management |
| Grand Rounds, Dept. of Medicine<br>Manchester Memorial Hospital<br>6/12/97 | Manchester, CT | |
| Grand Rounds, Dept. of Medicine<br>Manchester VAMC<br>6/20/97 | Manchester, NH | |
| Pharmacological Management of Pain<br>Mass. College of Pharmacy<br>4/3/98 | Boston, MA | |
| National Association of State Cancer<br>6/13/98 | Portland, Maine | Pain Initiatives- Annual Meeting<br>Platform Speaker |
| Grand Rounds, Dept. of Medicine<br>Strong Memorial Hospital<br>9/15/98 | Rochester, NY | "Management of Cancer Pain" |
| Grand Rounds, Dept. of Medicine<br>Genesse Hospital<br>9/15/98 | Rochester, NY | "Management of ChronicPain" |
| Grand Rounds, Dept. of Medicine | Canadaigua, NY | |

Canadaigua VAMC
9/16/98

American Academy of Consulting          Seattle, WA               Pharmacists-Annual Meeting:
Pain In the Elderly
11/13/98

Grand Rounds, Dept. of Medicine         Manchester, NH
Eliot Hospital
2/18/99

Pain Experts Annual Meeting,            Dallas, TX               Update on Current Drug Research
Jannsen Pharmaceutica Foundation:
3/24/99

Grand Rounds, Dept. of Medicine         Bangor, ME
Mid Maine Medical Center
3/25/99

American Geriatric Society:             Philadelphia, PA         Pain in the Elderly: Pharmacological
Considerations
5/20/99

Atlanticare Medical Center              Lynn,MA                  The Management of Chronic Pain
Medical Grand Rounds
5/26/99

Providence VAMC                         Providence, RI           Pain Symposium :New Developments in Pain
5/27/99                                                          Management

Rhode Island Hospital,                  Providence, RI           Pain Rounds
The Role of Opioids in Pain Management
6/10/99

Massapequa Hospital,                    Massapequa, NY           The Management of Chronic Pain
Medical Grand Rounds
9/8/99

Good Samaritan Hospital                 Phoenix AZ               The Management of Chronic Pain
Medical Grand Rounds
10/1/99

Phoenix VAMC                                 Phoenix AZ                  The Management of Chronic Pain
Medical Grand Rounds
10/1/99

Albany VAMC                                  Albany, NY              The Management of Chronic Pain
Medical Grand Rounds
10/18/99

Baystate Medical Center
Pain Symposium                          Springfield, MA          Opioids in the Management of Pain
11/10/99

Nassau County Medical Center/SUNY       Stonybrook, E.Meadow, NY  The Management of Cancer Pain

| | | |
|---|---|---|
| 12/16/99 | | Visiting Professor |
| Annual Meeting American Academy of Addiction Medicine 4/11/00 | Chicago, IL | Adjuvant Medications Invited Speaker |
| Chinese Society of Clinical Oncology 10/21/00 | Beijing, China | Cancer Pain Management Invited Speaker |
| University of Shanghai School of Medicine 10/22/00 | Shanghai, China | Cancer Pain Management Visiting Professor |
| Sun Yatsen Cancer Center 10/23/00 | Guangsho, China | Cancer Pain Visiting Professor |
| St. Elizabeth's Medical Center Medical Grand Rounds 4/1/01 | Boston, MA | Pain Management |
| Boston Medical Center Orthopedic Grand Rounds 4/1/01 | Boston, MA | Pain Management |
| Boston Medical Center Physiatry Grand Rounds 7/29/02 | Boston, MA | Addiction and Pain Management |
| Dalhousie University Pain Rounds 9/2/02 | Halifax, NV | Neuropathic Pain Mechanisms |
| Annual Pain Experts Course Jannsen Pharmaceutica 1/31-2/2/03 | Scottsdale, AZ | Course Director |
| Pri-Med South Addiction and Pain Management Presentation 3/5/03 | Ft. Lauderdale, FL | Invited Speaker |
| Pri-Med West Addiction and Pain Management Presentation 4/3/03 | Long Beach, CA | Invited Speaker |
| Quebec Pain Society Annual Meeting "Pain and Addiction" 4/5/03 | Montreal, Canada | Invited Speaker |
| Ob/Gyn Boston Medical Center Grand Rounds 8/6/03 | Boston, MA | Headache in Women |

| | | |
|---|---|---|
| Queen's University School of Medicine<br>Geriatric Symposium<br>10/1/03 | Kingston, ON, Canada | Treatment of Pain<br>in the Elderly |
| New England College of Occupational<br>and Environmental Medicine<br>Pain Symposium<br>3/10/04 | Wellesley, MA | Pain and Addiction |
| British Columbia Cancer Agency<br>Pain Symposium<br>3/26/04 | Vancouver, BC, Canada | Chronic Cancer Pain Management |
| Newington VAMC<br>VA District Pain Symposium<br>4/16/04 | Newington, CT | Pain and Addiction |
| MetroWest Medical Center<br>Medical Grand Rounds<br>6/14/04 | Natick, MA | Pain and Addiction |

## STUDIES

Principal Investigator, 12.5 ug Fentanyl Transdermal Delivery System Use in Chronic Pain Study F-PEN-86 1999-2000

Principal Investigator , electrostatic transport system for breakthrough pain, study c-035 1999-2000

Principal Investigator, patient quality of life study in chronic pain c-034 1999-2001

Alza/ J&J Fentanyl/Naltrexone Study for Opioid Resistant Patients, Principal Investigator   2002

GSK Lamictal Study for Diabetic Neuropathic Pain, Principal Investigator 2002

Analysis of Substance P CSF Levels in Patients with Chronic Pain vs Controls

Pain in the Elderly Pilot Study on Perceptions of Patients with pain and Caregivers

## CURRENT PROJECTS

Organizing Annual Course on Chronic Pain Management for BUSM

Editing Textbook on the Management of HIV Pain

Implementation of Core Competencies Training, Neurology Department, BUSM

## PUBLICATIONS & ABSTRACTS

The Management of Cancer Related Pain, Part I,    Otis,J. and Portenoy,R.  Primary Care,, December, 1992.

The Management of Cancer Related Pain, Part II,  Otis,J. and Portenoy, R.
Primary Care, January, 1993.

Electromyographic Findings of Bilateral Cervical Denervation as the Only Sign of Intrinsic Cord Disease,  Rich, J., Otis, J.,
Sabin, T.  Muscle & Nerve, January, 1993.

Cardiac Arrhythmias and Sudden Death in Epilepsy, Rich, J.,  Kurland, A., Otis, J. et al.  Presented at the American
Neurological Association Annual  Meeting,  September, 1993.

Evoked Potentials in Neurotoxicology. Otis, J. and Handler, J. in Neurotoxicology: Applications and methods  Chang, L. and
Slikker,W. eds. 1995

The use of Midazolam in Pentobarbital Resistant Status Epilepticus. Otis, J. and Gavrilescu, T. Abstract Presented at the
Annual Meeting of The American Academy of Neurology, Seattle, WA, 1995

Hypersensitivity To beta-1b Interferon and Desensitization. Young,MC and Otis,J. Journal of Allergy and Clinical
Immunology  95:345 1996.

Pain Management in the Elderly., Otis, J and McGeeney, B Clinical Geriatrics  January 2000

Non-Opioid Pain Therapies , Otis, J in Heit et al American Society of Addiction Medicine Textbook of Addiction Medicine,
2002

Practical Issues in Pain Management, OtisJ, et al. Symposium Proceedings, Laval University , Montreal Canada,  December
2002

A Phase III study of low-dose fentanyl transdermal system in patient with chronic non-malignant pain.
Otis,J. and Rothman, M. CurrentMedical Research and Opinion 22:8, 1493-1501, 2006

**EXHIBIT 3**

CRAIG AND MACAULEY | PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

*www.craigmacauley.com*

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210

TEL (617) 367-9500
FAX (617) 742-1788

May 9, 2007

Charlotte E. Glinka, Esq.
Keches & Mallen, P.C.
122 Dean Street
Taunton, MA 02780

      Re:    Laura Portela v. Wal-Mart Stores, Inc.
            United States District Court (MA); Civil Action No. 05 1084 MEL

Dear Charlotte:

      I am writing to request your cooperation in making your client, Laura Portela, available for an independent medical examination with Dr. James Otis at the Boston Medical Center. This is necessary due to your client's claim of CRPS/RSD and her extremely large lost wage claim. I have enclosed Dr. Otis' CV for your reference. We would like to set aside two days for Dr. Otis to conduct a physical examination of your client and potentially run tests including an EMG, quantitative sensory testing (QST) and possible skin biopsy/skin punch.

      Kindly contact me to discuss available dates, as we understand your client will have to travel from Puerto Rico. We will pay for her return flight to Massachusetts for this exam.

      Thank you in advance for your attention to this matter.

                      Very truly yours,

                      Anna L. Johnson

ALJ/jam
Enc.
Cc: Richard E. Quinby, Esq.

**EXHIBIT 4**

CRAIG AND MACAULEY | PROFESSIONAL CORPORATION                    *www.craigmacauley.com*

COUNSELLORS AT LAW

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210

TEL (617) 367-9500
FAX (617) 742-1788

May 30, 2007

Charlotte E. Glinka, Esq.
Keches & Mallen, P.C.
122 Dean Street
Taunton, MA 02780

> Re:    Laura Portela v. Wal-Mart Stores, Inc.
>        United States District Court (MA); Civil Action No. 05 1084 MEL

Dear Charlotte:

I have not heard from you since my letter of May 9, 2007 concerning Laura
Portela's availability for an independent medical examination with Dr. James
Otis at the Boston Medical Center.

Kindly contact me to discuss available dates, as we will need to coordinate
with the doctor's schedule.

Thank you in advance for your attention to this matter.

Very truly yours,

Anna L. Johnson

ALJ/jam
Cc: Richard E. Quinby, Esq.