UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA M. PORTELA,  )<br>        Plaintiff        )<br>                               )     C.A. NO. 05-10844 MEL<br>vs.                          )<br>                               )<br>WAL-MART STORES EAST, LP,  )<br>        Defendant       ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT WAL-MART'S MOTION
TO CONDUCT PHYSICAL EXAMINATION OF PLAINTIFF LAURA PORTELA**

The plaintiff hereby opposes the defendant's Motion to Conduct Physical Examination of Plaintiff Laura Portela. As grounds therefor, the plaintiff states that the defendant has already conducted a medical exam of the plaintiff. Pursuant to the provisions of Fed. R. Civ. P. 35, the defendant is entitled to only one medical exam. The defendant has failed to show good cause or to articulate any rational basis for requiring a second exam. The plaintiff is not claiming multiple injuries and there has been no change in the plaintiff's condition since the early period of her treatment. To require the plaintiff to undergo a second exam would potentially allow for duplicative medical reports and/or testimony and would therefore be prejudicial to the plaintiff. As further grounds in support of her opposition to this motion, the plaintiff states:

1. This is a general liability case involving injuries sustained by the plaintiff, Laura Portela, at a Wal-Mart store in June, 2002. The plaintiff was injured when a box of heavy framed artwork fell on her right hand and arm. As a result of that incident, she sustained a serious injury to her right arm and developed a condition known as complex regional pain syndrome (also known as reflex sympathetic dystrophy or RSD). The plaintiff is now totally disabled and has been unable to return to her profession as a dentist.

2. The plaintiff was diagnosed with the complex regional pain syndrome condition early in her treatment, and there has been no change in the nature of that condition. Complex regional pain syndrome is a condition that is diagnosed and treated by physicians in various specialties, including orthopedists, neurologists, and anesthesiologists or pain management specialists.

3. Approximately one year ago, in March, 2006, the defendant requested that the plaintiff submit to a medical examination by a doctor of its choosing. The plaintiff submitted to that examination and the defendant's selected doctor (an orthopedist and hand specialist) prepared a lengthy report of his findings.

4. Since the plaintiff has already submitted to a medical exam, she should not be required to undergo a second one. Fed. R. Civ. P. 35 makes no provision for multiple medical exams and there are no special circumstances in this case that warrant such an exception.

5. All of the cases cited by the defendant, in which more than one medical exam has been allowed, refer to those circumstances where a plaintiff is claiming multiple different injuries that necessarily require input by different medical specialists, or where there has been a change in the plaintiff's condition since the earlier exam. That is not the situation here. The plaintiff in this case has always claimed only one injury, and it is the same injury for which she underwent a medical examination for the defense one year ago. See e.g., *McKitis v. DeFazio*, 187 F.R.D. 225 (D.Md. 1999); *Ishler v. Cook*, 299 F.2d 507 (7th Cir. 1962).

6. The defendant had the option, when it first had the plaintiff examined, of having her xamined by a physician with a different specialty. They elected not to do so.

7. Allowing the defendant to conduct a second medical exam of the plaintiff would potentially allow for duplicative medical reports and/or duplicative expert testimony at trial. This would be extremely prejudicial to the plaintiff.

8. Furthermore, the plaintiff resides in Puerto Rico, and requiring her to travel to Boston a second time for a medical exam that is expected to last two days, is overly burdensome and unreasonable.

WHEREFORE, and for the foregoing reasons, the plaintiff respectfully requests that the defendant's Motion be DENIED.

Respectfully submitted,
By her Attorneys,

KECHES & MALLEN, P.C.

/s/ Charlotte E. Glinka
CHARLOTTE E. GLINKA
BBO # 559117
122 Dean Street
Taunton, MA 02780
(508) 822-2000

Dated: July 2, 2007
Opp-MotME